Thank you. Good morning. If I could preserve five minutes for a bundle, right? Great. Thank you. I'll give you a reminder when you get to that mark. Thank you. Good morning. May it please the Court. My name is Brad Bartlett. I am counsel for appellants in this matter, Black Mesa Water Coalition and all. Appellants are comprised of six grassroots tribal organizations, almost entirely composed of tribal members from the Navajo and Hopi tribes, as well as three national and regional conservation organizations. I would like to recognize in the courtroom with me this morning Mahala Johns from Black Mesa Appellants as well as Nathaniel Shoff from the Sierra Club. The case this morning deals with Black Mesa Appellants' ability to recover attorney's fees and costs for the successful appeal of a significant permit revision to Peabody Coal Company for coal mine operations located on tribal lands in Northeastern Arizona. This is one decision that was challenged. The Court is tasked with resolving three issues this morning. Number one, whether the remand order granted by the administrative law judge constitutes success on the merits, thereby conferring eligibility to Black Mesa Appellants. Number two, whether a strict but-for causality test is required to confer entitlement to fees to Black Mesa Appellants. And number three, whether the Secretary waived her ability to object to the reasonableness of Black Mesa Appellants' award for costs and fees. With that, I'd like to turn to the issue of eligibility first. Under the surface counsel, Judge Gould, if I could just interject so you could cover this in your argument. Yes, Your Honor. Even, at least it seems to me that even if a strict but-for test of causality is not required, that there's still a question whether there's a substantial contribution to a full and fair determination of the issues. Maybe I'll just go ahead and address that first. I look at the standard of review and it's possible one could say there's no substantial contribution, even though we're not requiring strict but-for causality. So somewhere in your argument I hope you'll address what the standard of review is on that decision about substantial contribution and how we should conclude on it. I will, Your Honor. And maybe if I take these in order, I will get to that, because that falls under the entitlement problem, which was what I was going to address second, if that's okay. I could address that first, but maybe it's best if I start with that. I think you should address that first, counsel. Okay. Go ahead and address that. With regard to the application of a strict but-for causality test, because that's what the administrative law judge used to determine plaintiff's entitlement to the proceedings below. So SMACRA regulations require a substantial contribution to a full and fair determination of the issues. It does not require a substantial contribution to success and merits or substantial contributions to the winning summary judgment brief. I don't think there's any dispute what the administrative law judge did was to apply a strict but-for causality test. That's right. And the excerpt's a record, 16-41-46-47. But-for Black Mesa's participation would the administrative law judge have granted the relief requested. That was the standard the administrative law judge used. The administrative law judge then went back and advanced factual arguments and alleged support of Black Mesa appellant's lack of a but-for causality. So having established that, the question is, was the administrative law judge correct in applying a but-for causality test? The administrative law judge didn't find — does not find support in the case law he cited for that proposition. He relied almost specifically and solely on a case out of the Sixth Circuit called Kentucky Resources Council. But a close examination of that case reveals that the magistrate judge in that case rejected the administrative law judge's use of a but-for causality test in favor of a finding of a causal nexus based on the totality of the circumstances. Right? Further, the Secretary cited two Fourth Circuit decisions, the Norton decision. Right? But again, that case does not adopt a strict but-for causality test. It references a causal nexus test, but does not discuss what, in fact, that means. Now, as to Judge Gould, your question about in the absence of a but-for causality test, right, if the Court was to say, as a matter of law, the administrative law judge got this wrong, because that's what we're arguing for, and we're also — Okay. Let me ask this, though. I mean, you're focused on the ALJ's decision. I guess I'm more focused on the — is it the IVLA's decision? Sure. That — as I read that decision, the — that board did not apply a strict but-for test. It instead adopted the looser causal nexus standard and said, even under that standard, ALJ didn't err in denying fees. Sure. I guess I'm — I'll be honest with you. I'm with you that it doesn't seem to me that there should be a strict but-for test. But I guess that doesn't really move me one direction or the other, because I look at the IVLA's decision, and it seems like they didn't fall into that error. I think if you look at a close examination of the board's reasoning in that decision, it adopts the ALJ's findings and just simply calls it a totality of the circumstances analysis. That's not really what happened. It basically applies a strict but-for causality, right? But-for Black Mesa appellant's contribution to the winning merits brief, you know, would it be entitled to fees? And if you take a look at the way they structure their arguments, that's essentially what they're doing. It all boils down to that central premise. But-for Black Mesa's participation, would the administrative law judge have granted the relief requested? And that's what the board did. It adopted the administrative law judge's arguments. Is there a particular language that you could direct me to in the IVLA's decision? Because what I started looking at, you know, was just that opening paragraph under the entitlement requirement. And the board cites the causal nexus standard. And you're saying, I guess, well, even though they cited the standard that you think is applicable, they actually applied a different and more-and stricter standard. Is that what you're arguing? Right. That the board basically adopts the administrative law judge's use of a but-for causality test. But the earlier, when the board was summarizing the ALJ's decision, the board noted that the ALJ had applied this strict but-for test. And then when the board itself got around to articulating the correct standard, it did not repeat that language. It instead ---- Well, I think it said it was doing one thing, but then went on to do exactly what the administrative law judge did. And if I could just give you a couple examples, just to help elucidate this issue. You know, if the ---- and just by using syllogisms, if that's okay. What the board did is said, if the ALJ does not rely on Petitioner's substantial contribution to the consolidated proceedings in rendering a decision, Petitioner is not entitled to fees. Right? So what the ALJ said there is, you know, we didn't cite anything from Petitioner's  We didn't ---- I didn't rely on Petitioner's discovery. Therefore, no fees. That's a strict but-for causality. Similarly, and the board adopted that. Similarly, the ALJ said Petitioner's who don't sufficiently contribute to the winning summary judgment motion are not entitled to fees. The board just went ahead and adopted that. That's a strict but-for causality. And that's exactly what the board did. It said totality of the circumstances, but then went on to apply the ALJ's strict but-for causality. Judge Gould, was there a question? At some point, the board talked about like the number of hours that timesheets showed in which Black Mesa Water Coalition had coordinated on their records with the Petitioner that won. And it thought the number was very small. I don't remember the exact percentage, but it was, you know, just a handful of hours out of a thousand, let's say. And I don't see that analysis as being a but-for causality analysis. So what am I missing? Well, what the administrative law judge there appears to be saying, Judge Gould, is but for Black Mesa Water Coalition's contribution to the winning summary judgment brief, the administrative law judge would not have made its decision. It's only limiting its analysis to contribution to the winning summary judgment brief. I'm also talking about not what the ALJ said, but about what the agency board said. Do I misrecall that? I thought that they looked at the hours contribution. And I thought they were doing it in terms of assessing coordination. Yes. And I think the issue there is substantial contribution to a full and fair determination of the issues on appeal. That's what's required by the regulation. And what the Secretary is arguing is that she would prefer to limit entitlement to a full substantial contribution to the successful summary judgment motion. So could you talk about then, it's clear that you think that the Secretary was too narrow in the kinds of things that would be considered. That's correct. And that it doesn't require that you talk with or coordinate a strategy and contribute to the winning side, so to speak, the case that is actually adjudicated. But what kinds of things other than those would be considered on the proper analysis from your standpoint? That's a good question, Your Honor, Judge Oliver. And just to point to the record as to Black Mesa's substantial contribution, number one, the reasonableness of counsel's declarations and timesheets was not contested in the proceedings below. And that comes to us at the excerpts of Record 111 through 164. Number two, Black Mesa appellants raised all of these issues in public comment. That's also not disputed. Number three, Black Mesa appellants appealed the issue that was ultimately resolved by the administrative law judge. Not disputed. Number four, we conducted extensive discovery in the proceedings below, submitted three separate summary judgment briefs. We also contributed to the successful summary judgment motion. And finally, Black Mesa appellants obtained the relief that they sought both under the Endangered Species Act and the National Environmental Policy Act. That is Black Mesa appellants' substantial contribution to a full and fair determination of the issues. It doesn't matter just how little they contributed or how much they contributed to the winning summary judgment brief. The ALJ picked up the first brief and ruled on it. These matters were consolidated both for hearing and decision. This was a consolidated appeal. There's no dispute about that. And we obtained the relief we had sought. So you're saying where you have three or four parties moving forward kind of on the same plane and have essentially the same issues, the mere fact that the judge decides one case doesn't preclude those who have been spending their resources and so forth from getting fees if that the outcome, even though you don't get to go through the merits because the issue is now settled, you should still get fees. Absolutely. It's really fundamental fairness. Could you address the question I raised earlier, which I don't think you have talked about, on the standard of review? So if you agree with that West Virginia Highlands case, that whether there's a substantial contribution to the full and fair hearing of the issues is an issue of fact. That is, eligibility is reviewed de novo, but the substantial contribution is a factual issue. Do we review that for clear error or do we review it for substantial evidence or do we review it for abuse of discretion? I think that's a good question, Judge Gould. And if I may, I think this Court's review is de novo for the very reason that Black Mesa appellants are challenging the methodology used by the administrative law judge to determine entitlement here. What the administrative law judge did in the proceedings below is apply a strict but-for causality test. And as I just outlined for you, in the absence of a strict but-for causality test, there can be no real dispute that Black Mesa appellants substantially contributed to the consolidated proceedings. Black Mesa was actively involved in the consolidated proceedings. It's just that their arguments were never reached because the requested relief was granted on other grounds. But isn't it also that you're, I mean, you're the coalition of your clients. I mean, they weren't the only ones to raise the winning arguments in the public comment and is it the petition for review or request for review phase? I mean, weren't there other parties basically making the same arguments earlier in the proceedings? The only parties that made the arguments raise those issues in the request for review, actually Black Mesa was the only one that ultimately raised the issues resolved by the administrative law judge in the request for review. Now, the Secretary might dispute that, but we firmly believe that. We also raised those in public comment. I think some of the comments that the Secretary referred to in her brief, those were actually members of Natural Resources Defense Council who are part of our appellant groups here. So we saw we put this thing all the way through, from cradle to grave. I mean, the only thing we missed was at the end of the day, the ALJ ruled on the first summary judgment motion that was in front of them, but we obtained the relief we saw. It was only our summary judgment briefs that were dismissed as moot. No other plaintiffs raised merits arguments in the proceedings. And importantly, very importantly, these proceedings were consolidated for both hearing and decision. Okay? That's what the ALJ told us. And he did that sua sponte. We did not request that. He did that to us. He put us together, said, I'm going to rule on this for hearing decision. Got to the end of the day. We had briefed all this stuff. He picked a winner, which is fine, because we obtained our relief. And then when we go to get fees, we're denied on the basis that we didn't substantially contribute. I think you're probably over your time. I am. I'm well on time. Quick question. Okay. So you agree, your argument is that we have de novo review on eligibility, and you also say we have de novo review on benefit, on both parts, right? Everything is de novo. That's correct. Okay. If we did substantial evidence review in regard to the second issue, not eligibility, but the second issue, would you still, could you prevail? Well, I think you have to address the first issue first, which is, first things first, you have to address the ALJ's use of a strict but-for causality. That's a de novo review, right? Once that's gone, in the absence of a but-for causal test, I don't think there can be any dispute that black males' appellants have substantially contributed to full and fair determination issues. A review of that for clear error will certainly determine that. Okay. If I could have some time for rebuttal. Yeah. To raise one further point on the standard of review, and the reason I'm troubled by that is that in precedence, I see some that seem to say, including one from the Supreme Court, that when it's an agency review, we review it for substantial evidence. But I also see precedence that say, if it's a factual finding by an agency, we review it for clear error. And I thought that in your opening brief, in fact, that you had said that we look at eligibility de novo, but that you had said factual findings are reviewed for clear error. So I might be wrong about that. I may want to urge the panel, I'm just one judge, but that we ask both sides to do some supplemental briefing on the standard of review. Okay. And I can address it on rebuttal, too. I think Mr. Bullis probably would like some time. And if I could do a few minutes of rebuttal. Oh, of course. Yes. Okay. Thank you.  So let's hear from the Secretary, and then we'll give you a few minutes for rebuttal. Thank you. May it please the Court, I am Paul Bullis from the District of Arizona. I'm appearing on behalf of the appellee. BMWC does not meet either the entitlement prong or the eligibility prong, and therefore the request for attorney's fees was properly denied. With regard to the entitlement prong, in order to be entitled to attorney's fees, there is evidence that the applicant made a substantial contribution to a full and fair determination of the issues. Let me just review briefly the factors that were reviewed by the ALJ and the IBLA in reaching their determination that a full and fair, excuse me, that a substantial contribution was not made by BMWC. Counsel, can you pull the microphone just a little closer? Yes. Thank you. The ALJ did not rely on BMWC's argument. The ALJ did not cite to their arguments in his merits determination. The ALJ did not consider the merits of BMWC's arguments. The ALJ found that there was no coordination between Natamya and BMWC's attorneys with regard to which arguments would be presented. The ALJ did not cite or rely on any discovery responses that had been obtained by BMWC. And the ALJ found that the result would have been the same if BMWC had not filed a request for review or a motion for summary disposition. Can I ask you this question? Let's say that BMWC had not deferred basically to the other party. I can't say that name, Natamya. But you know which party I'm talking about. And let's say they had just given full briefing to that issue in their briefing as well. And everything else had played out the same. Would you still say that they are not entitled to fees because when the ALJ got around to ruling, it only was citing things in the other party's brief? There are a couple of points. First of all, it is, of course, a two-prong test. So it also addresses the question in terms of eligibility. Would they have achieved under that scenario any success? So that's one piece of it. Would they? And you can't have you have to meet both of them. You have to meet both prongs. Focus more on entitlement because just speaking for myself, I was not persuaded on your eligibility argument. Okay. So I'm just in that scenario that I just painted, the MWC fully briefs it, but the ALJ just happens to point to someone else's brief, same exact argument, same exact issues. They're not entitled to fees? Or what's your position? Again, this is this would be a factual determination. And in the cases that talk about if a court or the agency doesn't reach arguments that someone else makes, they go to eligibility. So assuming that there is eligibility, you still have to look at entitlement. And it's a factual question. Okay. But can you just answer the question, yes or no? I agree it's a factual question, but I'm giving you the facts. And I just want you to tell me what's the correct answer. It plays out exactly as it does, but BMW, am I getting the initial BMWC, gives it the full treatment in their briefs, right? It doesn't defer to the other party and say, oh, well, you're already covering that, so we're going to focus on other issues. It just gives, you know, a 200-page brief or whatever you're allowed to. Sure. Do they get fees in that scenario or no? Yes. I think that if, under that scenario, if BMWC had made its arguments in, and I'm sorry, was part of your scenario that they made them in a separate, their own separate proceeding? Yes. But they were consolidated for hearing a decision as here? Your Honor, I think the answer is still no, because the ALJ, in reaching his decision, would not have relied on those arguments made by BMWC. It would not have, again, if everything else played out the same, then the ALJ was not looking at or relying on or influenced by BMWC's arguments. Okay. Counsel, Judge Gould, if I could ask you a couple of questions that bear in part on the standard of review. First, I want to say that although I'm only one member of the panel, I tend to agree with that the first inquiry on eligibility, as opposed to entitlement, that requires some amount of success, that probably there's a good argument that the water coalition prevails on that because they have congruity in the relief that was given and what they asked for. However, on the, and that we look at de novo, right? But on the other hand, what I think is the difficult issue in the case concerns the, not whether they could be given relief, but whether the agency determined they made a substantial contribution to it. So my questions are first, do you agree with that West Virginia Highlands case that we look at that issue as an issue of fact? And second, assuming we do, what is the standard of review? Is it substantial evidence or is it clear air or is it abusive discretion or something else? Your Honor, I, initially I respond by there is an overall, an overall standard of review of IBLA decisions in the, it's noted in the Akutchik case, which the court may only set aside a decision of the IBLA if it is arbitrary, capricious, or not supported by substantial evidence or contrary to the law. In addition, the Evans case that was cited in, I believe, Appellant's brief, the court, this court noted that abusive discretion is the overarching review for attorney's fees cases. That being said, with regard to the specific entitlement provision, I believe that the appropriate standard of review is, number one, I believe it is a factual determination and the appropriate standard of review is clear error. And that's also specifically noted in the Evans, the Ninth Circuit Evans case where it talks about attorney's fees provisions, the factual determinations being reviewed for clear error. Make clear whether, I think Judge Gould asked you about specifically also about West Virginia Highlands. I think your answer said you don't agree with the standards that's set out there. Well, I believe the standard is, as I described, that the appropriate review level, review for the factual determination is clear error, yes. And in this case. I think that's what West Virginia Highlands says. It says, as I understand it, de novo on whether someone's eligible for relief, but then factual issue and on the issue of whether they're entitled to get it. Yes, Your Honor, and I agree that those are the proper standards of review on both the eligibility wrong is a legal determination review de novo and the entitlement determination is a factual determination review for clear error. As to whether the causal nexus or causal connection standard that was utilized clearly by the ALJ, again, that's an appropriate and the appropriate standard to be utilized. Again, it has been recognized in this circuit in attorney's fees cases in the Evans matter where this Court utilized a causal connection test under the fee shifting provisions of the Endangered Species Act, which is also a whenever appropriate statute. It is the causal connection standard has also been utilized at the IBLA. There's IBLA precedent that was cited in the ALJ's determination. There's also circuit case law from the Fourth Circuit that recognizes the causal connection standard, as well as cases that explicitly require a causal connection. So that's an appropriate standard. It was utilized by the IBLA, and it was also utilized in part by the ALJ in the ILJ determination. But I would like to elaborate briefly on the notion that whether or not going to the kind of the but-for aspect was the MWC's participation necessary. Again, the ALJ determined that had BMWC not participated, had they not filed a request for review, had they not filed a motion for summary decision, the outcome would have been the same. So adding those pieces together, the factual considerations that I identified earlier, along with the fact that the result would have been the same without BMWC's participation, leads to the conclusion, led the ALJ and the IBLA to the factual conclusion that there was no substantial contribution by BMWC. And the question in reviewing that determination is not whether a different conclusion was, that could also have been reached, whether BMWC's interpretation was more or less plausible. The issue is, was there clear error? And certainly the ALJ and the IBLA spent a good deal of time examining and laying out the facts to reach their conclusions. Council, I guess what bothers me about your position in that respect is that let's say that there are five parties in a proceeding, whether they're separate proceedings, consolidated, or in the same proceeding. They all raise the same argument that ultimately prevails. Then you're saying that the ALJ can, I guess, maybe just deny fees to all of them, because actually, you know, since the argument was made by a bunch of different people, no one of them was actually necessary to achieve the result. Or it can just randomly pick, perhaps, I don't know, whoever might have been more likely to have incurred the lowest amount of fees and just say, well, I'm adopting your, you know, I'm just going to cite your brief instead of the other party's briefs, and then none of the other people can get any fees. And that just doesn't seem to me at all consistent with the spirit of this kind of very generous attorney's fee statute. Well, I think we are talking about hypotheticals in that situation, and I think we have to be careful about looking at a hypothetical such as you've described and trying to apply that in a case where the ALJ and the IABLA actually did make a factual determination, as they did. Because I think to take a kind of a hypothetical and a public policy consideration and overlay that on this case really does away and really negates the entitlement prong. I don't think so. I think Judge Wofford was trying to give a hypothetical so you could use it to explain this case. He said, could it happen that everybody, even though they start out three or four parties together litigating an issue, and the court chooses one or the agency chooses one or hears an argument on one and decides that, which disposes of the issue that they've all been fighting about, that he could decide that only one gets the fees and give no fees to the other. And you've got a case here. The answer is, is that the result? Can they do that? And then tie it into this case as to why it's appropriate to give only fees here to the one party, not the others. But sometimes it may be appropriate to give to all parties. Can you say that? I mean, can it be appropriate to give to more than one party? Yes, Your Honor. It could be. Certainly. It could be appropriate to provide fees to more than one party. And the reason why it would not be appropriate in this case is because it really does call for speculation in terms of what would have happened had the ALJ started with, for example, started with BMWC. Because BMWC's arguments and Natalia's arguments are not the same. They had the same. They both filed NEPA motions for summary disposition, but they did not raise the same arguments in both of their NEPA motions. So had the ALJ begun with BMWC, we don't know what the result would have been. In addition, the ALJ himself said it's only speculation. would have been had the ALJ begun with BMWC. And, again, it also suggests, I think it goes more to the eligibility determination, the eligibility prong. In terms of eligibility, should BMWC be penalized because they didn't come first? I think it's more appropriate in this case to look at from an eligibility standpoint because we don't know the answer on the entitlement. We don't know the answer would they have been successful on BWC's NEPA motion as it stood. Counselor, your answers, though, seem to me to be inconsistent. Because you said earlier when I asked you if BMWC had raised all of the arguments that ultimately prevailed that they wouldn't get fees anyway. And then you say, well, but, okay, if four parties raised the same argument and the ALJ, you know, cited one party's briefs, then, well, there might be a situation in which all of them could get fees. And it seems to me those can't both be right. And the reason that it bothers me is because you're basically – if that's – if your second answer is right, you're basically penalizing BMWC for trying to make the ALJ's job easier by not bombarding the ALJ with a bunch of duplicative briefing. Browning, I think there are circumstances in which parties – there can be more than one party who raised issues in a single proceeding who can all receive fees. And I apologize if I – if my answers seemed inconsistent, if they were inconsistent. But I believe in appropriate circumstances that can – that can – that can occur. Okay. So if BMWC here had done – let me just ask the question again. They had – instead of deferring to the other party, they had raised all of the arguments because they had raised them – the arguments that ultimately prevailed, they had raised them at earlier stages of the proceedings. If they'd included all of those arguments in their briefing, but the ALJ had nonetheless ruled in that other party's proceeding, but on the exact same issue, would BMWC be entitled to fees? I believe that had they had – yes, I believe they would have been entitled to fees. So you're – the only reason they're not getting fees now is because they took mercy on the ALJ and said, you know what, it looks like this other party is going to adequately cover this ground. So rather than just duplicate all of that briefing and make the ALJ read all these extra pages for nothing, we'll focus our attention over here. I mean, it seems to me that ultimately is what you're saying. That's the reason they're not going to get fees. And that – I don't know. That's bothersome from a policy standpoint, I think. I understand, Your Honor. And it's – but again, it goes – and from a policy standpoint, I think to reach the conclusion that in this case BMWC ought to receive fees, it really superimposes a policy determination over the facts of this case. The facts in this case as – excuse me – are as they are. And the ALJ and the IBLA made their factual determinations based on the record. And those – there is no clear error on those facts. And to take the public policy argument and overlay and put that over these facts, I believe what it does, it does two things. One is it does do away with the entitlement provision and the factual requirement that is required there. And I think it also has the court in effect substituting its judgment on the facts for those of the ALJ and the IBLA. And I believe that that's not an appropriate role to be done in this case. So that's my concern with kind of superimposing a – or imposing, rather, that type of policy consideration in a case where there has been a factual determination and both prongs and the regulation have been applied as appropriate. Okay. Judge Gould, any further questions for the Secretary? No further questions. As I said earlier, I'm still of the mind that I'd like to know more on the standard of review, so I'll try to persuade my colleagues to do an order to let both sides elaborate more on the standard of review. Thank you. Okay. Let's put three minutes on the clock for Plaintiff's counsel. Thank you, Your Honor. Just quickly to touch on some things, I think there are important public policy considerations that this Court should take into consideration, including the duplication of efforts that this is going to cause if the Secretary's position is upheld. It's going to lead to some absurd results, and I think the Court has already noted those. I do want to state that the real emphasis here is on the relief that was ultimately granted to the parties. It doesn't matter that the arguments that were made were ultimately divvied up in order to avoid the duplication and to make the job, the ALJ's job, that much easier. It was the relief that was requested that was important. And there, there's no dispute that the Natamia plaintiffs and the Black Mesa plaintiffs received the results, the relief they requested, both together, and are clearly eligible for relief, but also entitled to relief. With regard to causal connection, there is a causal connection. I'd like to just point the Court to the Association of California Water, where the plaintiffs' recovered fees were related to litigation in another court by different plaintiffs, rendered the litigation moot. The Court there did look at a causal relationship that was used to determine the plaintiffs' prevailed in that case. And I think that case is important because the Court established a connection between the actions of the party seeking a fee award and a full, fair determination of the issues. That's all that was required. There wasn't this but-for causality. There was just something there between the actions that were taken by the parties seeking fees and, at the end of the day, a determination of issues. And that's clearly what's relevant here. This Court's Senate review is de novo for the entitlement prong based on the ALJ's methodology. But I would like to turn quickly to the issue of the reasonableness of Black Mesa's fees because that hasn't been addressed here today, and it is important. The reasonableness of Black Mesa's fee award should be decided by the administrative law judge, as it was not raised to him before him in the proceedings by OSM Below. That said, what Black Mesa appellants are asking is that, to the extent this is remanded back to the administrative law judge, that the Court direct that Office of Surface Mining has way of the right to object for three reasons. Number one, the reasonableness of Black Mesa's fee award was never contested by the agency below. Number two, Office of Surface Mining failed to file an answer within 30 days, which was required by the regulation. And number three, by comparison, the Office of Surface Mining did dispute the reasonableness of Natamia's fee, so clearly it knew how to do that. Further, Black Mesa would request that we be allowed to submit a fee petition to this Court for our work on judicial review. And the reason for all this was the cautionary language out of Hensley, which is that a request for fees should not result in a second major litigation. And absent those things, all of this is going to lead to another second major litigation, and we're already four years into this. So with that, I'm out of time. I want to thank you for our hearing today. Great. Thanks very much to counsel on both sides for your very helpful arguments today. You may well, as you heard, get an order for supplemental briefing, which we'll see if Judge Gould is persuasive. The case just argued will stand submitted, and the Court is now adjourned for the week.
judges: Oliver, Gould, Watford